IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,593-01






EX PARTE DEMETRIUS DEWAYNE SMITH









ON MOTION FOR EXTENSION OF TIME TO FILE APPLICATION FOR WRIT
OF HABEAS CORPUS IN CAUSE NO. 1021168 

IN THE 183RD JUDICIAL DISTRICT COURT

HARRIS COUNTY





 Per Curiam. 



O R D E R



 This case is before us because applicant has filed a motion for an extension of time
to file an application for writ of habeas corpus pursuant to the provisions of Texas Code of
Criminal Procedure Article 11.071. (1)

 On June 27, 2006, a jury convicted applicant of capital murder and the trial court
sentenced him to death. (2) The trial court immediately appointed Dick Wheelan to represent
applicant on an Article 11.071 writ application. In April 2008, Wheelan began withdrawing
from his cases due to a serious medical condition. On April 17, 2008, Wheelan was released
from his duties in this case, and Patrick F. McCann was appointed to replace him as
applicant's habeas counsel. 

 Just over two months later, on June 24, 2008, the State filed its brief on applicant's
direct appeal. Under Article 11.071 § 4(b), this initially made applicant's writ application
due in the trial court no later than August 8, 2008. Because McCann timely requested and
received the statutorily allowed 90-day extension for filing, applicant's writ application is
now due in the trial court on or before November 6, 2008. However, as the due date draws
closer, McCann, who has only had since April 2008 to conduct his own investigation of
applicant's case, has expressed concern over whether he will have enough time to complete
that investigation. Acknowledging that the trial court is without the authority to grant him
another extension, but believing that he still needs more time than he has remaining to
properly develop applicant's claims, McCann has filed with this Court an early motion for
an extension of time under Article 11.071 § 4A. 

 Given the extraordinary and unfortunate circumstances of this situation, McCann's
extraordinary diligence in pursuing the case, and the lack of an objection from the State, we
hold that applicant has shown good cause supporting his request for additional time to file
applicant's writ application. Although the extension allowed by Article 11.071 § 4A is
technically only invoked after a party has failed to timely file a writ application, we grant
McCann's preemptive motion and hold that he shall have an additional 180 days from the day
the writ application is currently due to file the application. Thus, applicant's writ application
shall be due in the trial court on or before May 5, 2009. 

 IT IS SO ORDERED THIS THE 1ST DAY OF OCTOBER, 2008.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal
Procedure.
2. Applicant's direct appeal is currently pending before this Court.